# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ADEMIR RAMAS,<br><br>                    Petitioner,<br><br>       v.<br><br>WARDEN OF ADELANTO<br>DETENTION FACILITY, et al.,<br><br>                    Respondents. | Case No.  EDCV 26-2724 PVC<br><br>**MEMORANDUM DECISION AND ORDER ORDERING A BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE** |

Petitioner Ademir Ramas ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against the Warden of the Adelanto Detention Facility; Ernesto Santacruz, Field Officer Director of the Immigration and Customs Removal Operations Adelanto Detention Facility; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Attorney General of the United States on May 20, 2026.  (Pet., Dkt. No. 1).  The Petition states that Petitioner has been in immigration custody since January 11, 2026.  (*Id.* at 2).[1]  Petitioner is currently detained at the Adelanto Detention Center

---

[1] For ease of reference, when citing to the filings, the Court refers to CM/ECF page numbers generated in the blue ribbon at the top of each page filed on the docket.

in Adelanto, California. (*Id.*).  Petitioner alleges that his continued detention without a bond hearing violates the Immigration and Nationality Act (*id.* at 7–11) and the Due Process Clause of the Fifth Amendment (*id.* at 11–13).  The Petition seeks relief in the form of an order requiring that Respondents immediately release Petitioner, or alternatively, immediately release Petitioner under reasonable conditions of supervision.  (*Id.* at 13–14).  The Petition also requests the Court award Petitioner's attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  (*Id.* at 14).

Respondents filed their Answer on May 27, 2026 ("Answer").  (Dkt. No. 8). The Answer noted that Petitioner has already received a bond hearing on March 17, 2026 at which he was denied bond.  (*Id.* at 2).  Respondents oppose Petitioner's immediate release but concede that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025),[2] and request that the Court order a second bond hearing pursuant to 8 U.S.C. § 1226(a).  (*Id.* at 3).

On May 28, 2026, Petitioner filed a Traverse, arguing that the Court should

---

[2] On December 18, 2025, the court in *Maldonado Bautista* entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. *See Bautista v. Santacruz*, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Pursuant to the final judgment entered in *Maldonado Bautista*, "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

order his immediate release because there has been a material change in circumstances because he and his United States citizen fiancé have applied for a marriage license, and his impending marriage will allow him to adjust his status. (Dkt. No. 10 at 2–3). Petitioner also challenges the Immigration Judge's finding that he is a flight risk based on address discrepancies. (*Id.* at 3–4).

In light of Respondents' concession that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista*, Petitioner is entitled to a bond hearing. Petitioner argues that his impending wedding will allow him to adjust his status and make him eligible for cancellation of removal, but Petitioner is not yet married and is therefore not eligible for adjustment of status. Whether he will be able to do so in the future is speculative. And although Petitioner presents an explanation for the address discrepancies, he does not deny the existence of the discrepancies. That an alternative innocent motive could reasonably be found for the discrepancies does not constitute a due process violation. Therefore, the interim remedy of a bond hearing before an Immigration Judge is appropriate at this time. Petitioner is free to return to this Court if the bond hearing he receives doesn't comply with due process or some other provision of law.

Therefore, IT IS HEREBY ORDERED that:

1) Within seven days, Respondents release Petitioner or provide him with an individualized bond hearing before a neutral arbiter pursuant to 8 U.S.C. §1226(a), at which Respondents shall bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community;

2) Respondents file a notice of compliance within seven days advising how they complied with this Order; and

3) the parties file a joint status report within 14 days informing the Court of

3

the outcome of any bond hearing, whether any issues remain, and the parties' positions on whether additional briefing is needed on any remaining issues.  If so, the parties shall submit a proposed briefing schedule.  If not, Petitioner shall within the same 14 days file a motion for voluntary dismissal or the parties shall submit a stipulated judgment.

IT IS SO ORDERED.

DATED: May 29, 2026

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

4